1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8
9
10
11
12

BROCK P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C20-5620-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

13    Plaintiff appeals the denial of his application for Supplemental Security Income.[1] He

14  contends the ALJ erred by misevaluating (1) the medical evidence; (2) plaintiff's testimony;

15  (3) the lay evidence; and (4) residual functional capacity ("RFC"). Dkt. 13-1. The Court

16  **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

17                              **BACKGROUND**

18    Plaintiff is currently 53 years old, attended but did not complete high school, and has

19  done some work in landscaping and the fiberglass trade. Tr. 36, 38–40. In February 2017, he

20  filed for benefits, alleging disability as of January 1, 2000. After his application was denied

21  initially and on reconsideration, the ALJ conducted an April 2019 hearing and issued a June

22
23

---

[1] Although plaintiff applied also for Disability Insurance Benefits, at the hearing he withdrew this application and noted that there was no evidence to support disability prior to the date last insured of December 31, 2001. Tr. 36.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 1

2019 decision. The ALJ determined that plaintiff had not engaged in substantial gainful activity since January 2000 and has the following severe impairments: PTSD; major depressive disorder; generalized anxiety disorder; plantar fasciitis; bilateral carpal tunnel syndrome; and bilateral posterior tibial tendon dysfunction status post right lateral column lengthening with bone graft. Tr. 17. The ALJ assessed an RFC of light work with additional physical, postural, and manipulative limitations and the mental limitations of doing simple, routine tasks with no public contact. The ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 23. The ALJ therefore concluded that plaintiff is not disabled. Tr. 24. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–4.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Court finds that plaintiff has failed to demonstrate that the ALJ's decision was unsupported by substantial evidence or the result of harmful legal error with respect to evaluating (1) medical evidence; (2) plaintiff's testimony; (3) lay testimony; and (4) RFC. The Court therefore affirms the Commissioner's final decision and dismisses the case with prejudice.

1    **1.  Medical Evidence**

2         Plaintiff argues that the ALJ improperly discounted the examining opinions of M. Kristin

3    Price, Ph. D., and Katie E. Winans, PA-C, and inadequately evaluated the non-examining

4    opinions of Patricia Kraft, Ph.D., and Norman Staley, M.D. Plaintiff also contends that the ALJ

5    misapprehended other medical testimony but offers no specifics other than that there is medical

6    evidence that supports his position. Dkt. 13-1, at 5–7.

7         For applications filed before March 27, 2017, as this one was, more weight should

8    generally be given to the opinions of examining doctors than to the opinions of doctors who do

9    not examine or treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20

10   C.F.R. § 404.1527(c)(2); SSR 96-2p (rescinded by Federal Register Notice Vol. 82, No. 57, page

11   15263, effective March 27, 2017). The Court therefore examines whether the contradicted

12   opinions of Dr. Price and Certified Physician Assistant Ms. Winans were discounted for specific

13   and legitimate reasons that are supported by substantial evidence.[2] *Lester*, 81 F.3d at 830. "The

14   opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies

15   the rejection of the opinion of . . . an examining physician . . . ." *Id.* (emphasis added).

16        The Court finds that the ALJ stated legally sufficient reasons supported by substantial

17   evidence for discounting the examining opinions of Dr. Price and Ms. Winans, and for

18   evaluating the reviewing opinions of Drs. Kraft and Staley. The Court summarily rejects

19   plaintiff's unsupported allegation that all other medical evidence supports his position.

20   _____

21   [2] The Court recognizes that because plaintiff's application was filed before March 27, 2017, Ms.
     Winans's examining opinion need not be given the same weight as Dr. Price's examining

22   opinion because a physician's assistant was not yet considered to be an "acceptable medical
     source." *Compare* 20 C.F.R. § 1502(a)(8) *with* 20 C.F.R. § 1527(f). Nonetheless, because the

23   Court concludes the ALJ discounted Ms. Winans's opinion for specific and legitimate reasons,
     this satisfies the less stringent standard of providing germane reasons for discounting "other
     sources." *Molina*, 674 F.3d at 1111.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 3

1          **a.  Dr. Price**

2          In a September 2017 *psychiatric* assessment, examining psychologist Dr. Price noted

3  that, "[b]ased on the current interview, this claimant may have difficulty sustaining productivity

4  in a typical workday due to *physical* limitations." Tr. 364 (emphasis added). Nonetheless, with

5  respect to mental limitations, the area of Dr. Price's expertise, she opined that plaintiff has been

6  able to follow instructions but may require supervision/monitoring for task completion; plaintiff

7  can perform some simple judgments but would not be reliable in making more complex

8  judgments in a work setting; and he would be able to sustain adequate relationships. *Id.* The ALJ

9  gave Dr. Price's "some weight as far as the limits to simple, routine tasks; however, it is

10  otherwise vague, and extends little beyond the claimant's self-reporting." Tr. 22. The ALJ's

11  reason for discounting Dr. Price's psychiatric assessment—that beyond a limitation to simple,

12  routine tasks the opinion was vague and extended little beyond self-reporting—is specific and

13  legitimate.

14          The ALJ was correct to discount Dr. Price's opinion regarding plaintiff's *physical*

15  limitations because it was clearly based entirely on "the current interview" rather than an

16  independent physical evaluation. *See* Tr. 364. The ALJ could reasonably discount the *mental*

17  limitation that plaintiff "may" need supervision and monitoring because Dr. Price did not

18  connect her clinical observations with the reasons for this limitations. *See Thomas v. Barnhart*,

19  278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician,

20  including a treating physician, if that opinion is brief, conclusory, and inadequately supported by

21  clinical findings."). Otherwise, the ALJ assessed more severe mental limitations than those

22  opined by Dr. Price. While Dr. Price limited plaintiff to simple, routine tasks, she did not assess

23

1   social limitations. Tr. 364. In the RFC, however, the ALJ limited plaintiff to "simple, routine

2   tasks with no public contact." Tr. 19.

3        The ALJ committed neither an error of fact nor an error of law in discounting Dr. Price's

4   examining opinion.

5            **b.  Ms. Winans**

6        In January 2017, Ms. Winans examined plaintiff, noted that his chief complaint was

7   "[f]lat feet causing other pain in hips & joints, and diagnosed flat feet consistent with x-rays." Tr.

8   388–89. Ms. Winans opined that plaintiff was limited to sedentary work, even as she noted that

9   plaintiff "worked odd jobs, still working" and "[t]reats pain with OTC Aleve." By way of

10  historical background, Ms. Winans noted:

> Patient states that he is still able to work and has accepted "odd
> jobs" but it is becoming increasingly more difficult for him to do
> the "odd jobs" because most of them require physical labor and his
> pain from his feet make it difficult for him to stand, walk or run.
> Patient states that he has had this foot deformity since childhood
> and was just born that way and has tried multiple different braces
> and orthotics without improvement.

15  Tr. 391.

16       The ALJ discounted Ms. Winans's opinion because (1) the box for sedentary work was

17  checked off without explanation; (2) it was internally inconsistent with plaintiff's self-reporting

18  that he was working at the time of the physical evaluation; and (3) it was also inconsistent with

19  plaintiff's self-reporting that he had been engaged in doing outdoor chores for rent, had been

20  performing landscaping, including lifting boulders, was considering part-time work running a

21  chainsaw or trimming vines, and had shoveled dirt. Tr. 22 (citing Tr. 320, 345, 361, 363, 391).

22  These reasons for discounting Ms. Winans's opinion—a poorly explained sedentary restriction;

23  internal inconsistency; and inconsistency with other reported activities—are specific and

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 5

legitimate. Ms. Winans did not explain why sedentary work was the proper physical limitation and plaintiff's concurrent work and reported heavier work all could be reasonably construed as contradicting such a limitation.

The ALJ committed neither an error of fact nor an error of law in discounting Ms. Winans's examining opinion.

### c. Dr. Kraft

The ALJ gave great weight to non-examining psychologist Dr. Kraft's opinion that plaintiff has moderate limitations in understanding, remembering or applying information; moderate limitations in interacting with others; moderate limitations in concentrating, persisting or maintaining pace; and mild limitations in adapting or managing oneself. Tr. 21. Although plaintiff argues that the ALJ should have assessed more mental limitations than Dr. Kraft did, and should have included more of the limitations Dr. Kraft had assessed, he supports this proposition without specificity about which aspects were over- or underweighted, and only by referring to an alternative interpretation of the evidence and plaintiff's testimony. Tr. 13-1, at 4. The Court finds that the ALJ cited specific and legitimate reasons for giving great weight to Dr. Kraft's opinion in the manner reflected by the RFC: it was consistent with plaintiff's mental health records and mental status examinations; and it was consistent with plaintiff's activities such as driving, using public transportation, ability to find and perform odd jobs, and his willingness to do outdoor work in exchange for rent. Tr. 21.

The ALJ committed neither an error of fact nor an error of law in evaluating Dr. Kraft's non-examining opinion.

### d.  Dr. Staley

Plaintiff argues that the ALJ improperly discounted the non-examining opinion of Dr. Staley by rejecting Dr. Staley's assessment that plaintiff could occasionally lift or carry 10 pounds, could frequently lift or carry less than 10 pounds, and has severe tibial tendon dysfunction with flat foot, which limits exertion and ambulation. Dkt. 13-1 at 4–5; Tr. 95–96. The Court disagrees.

Again, plaintiff cites no reason why Dr. Staley's opinion should have been given greater weight aside from disagreement with the ALJ's interpretation of the evidence. Dkt. 13-1, at 4–5. The ALJ gave some weight to Dr. Staley's opinion because of the record of plaintiff's outdoor, heavier work after the alleged onset date; the successful September 2018 foot surgery; and Dr. Staley had neither the recent medical records nor the plaintiff's testimony to examine. These were specific and legitimate reasons to discount Dr. Staley's opinion. Moreover, there is no indication that the ALJ failed to account for plaintiff's difficulties in exertion and ambulation by including postural limitations and the ability to shift between walking and standing in 30–60 minute intervals. Tr. 19.

The ALJ committed neither an error of fact nor an error of law in discounting Dr. Staley's non-examining opinion.

### e.  Other Medical Evidence

Although plaintiff argues that the ALJ should have interpreted the other medical evidence differently, he fails to demonstrate that the ALJ's interpretation of the medical evidence was unreasonable. The Court therefore summarily rejects as unsupported plaintiff's blanket claim that the ALJ misevaluated all other medical evidence.

1

2.  **Plaintiff's Testimony**

2

Plaintiff alleges that the ALJ failed to cite clear and convincing reasons for discounting

3

plaintiff's testimony because the ALJ misevaluated the medical evidence and self-reports of

4

daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The Court disagrees.

5

The ALJ discounted plaintiff's allegations of being incapable of working by citing

6

inconsistencies with the medical record and with self-reports of daily activities, including part-

7

time work, that contradicted the severity of his limitations. Tr. 15–24. These were clear and

8

convincing reasons for discounting plaintiff's testimony. First, as discussed earlier, plaintiff has

9

not demonstrated that the ALJ erred with respect to evaluating the medical evidence, and this

10

evidence could be reasonably construed as contradicting the severity of plaintiff's symptom

11

testimony. Moreover, the ALJ accurately noted that plaintiff reported in September 2017 that he

12

was not getting any mental health services, and was not taking any medication for depression,

13

anxiety, or sleep. Tr. 20, 360. Similarly, the ALJ accurately noted that although plaintiff had

14

surgery on his foot in September 2018, the follow-up appointment showed that he was doing

15

well. Tr. 20, 464. Such conservative treatment is "sufficient to discount a claimant's testimony

16

regarding severity of the impairment." *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007).

17

Second, the ALJ cited numerous instances in which plaintiff's part-time work activity

18

contradicted the claimed severity of his physical and mental limitations. *See Ford v. Saul*, 950

19

F.3d 1141, 1156 (9th Cir. 2020). Since the alleged onset date in January 2000 through months

20

after the application date in February 2017, plaintiff has reported shoveling dirt, lifting boulders

21

and doing landscaping, doing odd jobs, working on a rural property in exchange for rent,

22

renovating his trailer by installing a tile counter, performing concrete work in Costa Rica,

23

running a chainsaw, doing trimming of vines at a winery, using public transportation, being able to drive, and doing yard work. Tr. 20; *see* Tr. 39–42, 46–47, 320, 345, 363–64.

The ALJ committed neither an error of fact nor an error of law in discounting plaintiff's testimony.

### 3. Lay Testimony

Plaintiff argues that the ALJ erroneously failed to account for observations made by SSA facilitators Robert Roper, Sue Newkirk, and Bryan Tucker, and erroneously discounted the symptom testimony of plaintiff's partner/friend Jacob Jendro. The Court disagrees.

Plaintiff fails to specify what aspects of the observations made by Mr. Roper, Ms. Newkirk, and Mr. Tucker were ignored in the RFC given that none of those observations were opined as functional limitations. Dkt. 13-1, at 12. To the extent the SSA Facilitators referred to witnessing plaintiff's difficulties in walking, standing, or emotionally coping, there is no indication that the ALJ failed to acknowledge such symptoms via the RFC limitations to light work, the option to change sitting and standing in 30–60 minute intervals, and doing simple tasks with no public contact. Tr. 19. Thus, if the ALJ erred by not discussing the  observations by Mr. Roper, Ms. Newkirk, and Mr. Tucker, this error was harmless.

Plaintiff fails to demonstrate why it was unreasonable for the ALJ to have determined that the testimony by plaintiff's friend Mr. Jendro was contradicted by the medical record. Tr. 22. Inconsistency with medical record is a germane reason for discounting lay testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ did not harmfully err by failing to discuss the lay testimony by SSA Facilitators Mr. Roper, Ms. Newkirk, and Mr. Tucker, and did not err by discounting the lay testimony of Mr. Jendro.

**4.  RFC**

Plaintiff alleges that the ALJ's misevaluation of the medical record and the testimony led to an unsubstantiated RFC assessment. For the reasons set forth earlier, the Court rejects this argument. The ALJ neither harmfully erred nor failed to support the decision with substantial evidence with respect to the RFC assessment.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 11th day of February, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge